Michael Catalano, J.
The defendants move for summary judgment dismissing the complaint which is based upon 10 promissory notes made by them, payable to the plaintiff, dated during 1954, totaling $11,000, which sum is demanded. The answer is a general denial.
*516 On July 2, 1962 plaintiff was examined under oath before trial, testifying, in part, that said $11,000 was for his share of profits from the Frontier Novelty Company; that these notes survived a dissolution of a partnership in 1958 in which plaintiff was paid $15,000, and had nothing to do with the agreement of dissolution.
On September 19, 1958 a Supreme Court action between these same parties was settled by an agreement executed on that date by all these parties stating, in part, that defendant, Ardan A. Bradt, agreed to cancel a debt of $1,000 owing by him to the plaintiff and evidenced by said defendants’ promissory note which the plaintiff agreed to cancel and deliver; that the plaintiff released the defendants from all claims arising out of the operation of a partnership known as “ Frontier Novelty Company ’ ’ and in particular arising out of ‘ ‘ the distribution and payments of money due from time to time to any of the parties herein, either as withdrawals, income, profits, loans or advances, and the parties hereto expressly waive any formal accounting between them as to any and all such matters.” No word whatever was mentioned in this agreement of the 1951 promissory notes sued upon herein.
On August 2, 1962 the defendants admitted under oath in examinations before trial that defendant, Ardan A. Bradt, signed all of said 10 promissory notes and that June Hansen had power of attorney to sign the name of defendant, Robert F, Bradt, thereto.
Rule 113 of the Rules of Civil Practice, entitled, “ Summary Judgment ”, provides, in part:
‘ ‘ When an answer is served in an action,
“1. In any action, after issue has been joined, any party may move for summary judgment. * * *
“ 2. * * * The motion shall be granted if, upon all the papers and proof submitted, the action or claim or defense shall be established sufficiently to warrant the court as a matter of law in directing judgment, interlocutory or final, in favor of any party. * * * If it shall appear that any party other than the moving party is entitled to a summary judgment, the court may grant such judgment without the necessity of a cross-motion.”
Courage should support judicial appraisal of applications for summary judgment, to promote the ends of justice in the case at bar, to avoid calendar congestion, to allow other litigants an early day in court. (See Di Sabato v. Soffes, 9 A D 2d 297, appeal dismissed 11 A D 2d 660.) Particularly, where the words *517 of a written contract are clear, a trial as to their meaning is futile, for interpretation and construction of a written contract is a pure question of law for the court, not one of fact for a jury. (Bethlehem Steel Co. v. Turner Constr. Co., 2 N Y 2d 456, 459-460.)
Where an action has been commenced in the Supreme Court of this State, the parties having appeared by competent counsel, then pursuant to negotiation the case is settled by a written agreement signed by the parties to the litigation before notaries public, transferring valuable property rights in return for substantial sums of money, such parties are deemed to have assented to and freely entered into such agreement and they are conclusively bound thereby, even though their minds failed to consent to the expressed terms. (Lucio v. Curran, 2 N Y 2d 157, 161. See, also, Matter of Brener, 11 N Y 2d 423, 428; Viskovich v. Walsh-Fuller-Slattery, 16 A D 2d 67, 70.) In finding the meaning of a release, general or limited, much depends upon the nature of the controversy being settled as well as the purpose of signing the release, which may not be enlarged by judicial construction to include matters not intended to be covered by the parties. (Cahill v. Regan, 5 N Y 2d 292, 299.)
Here, the original action of 1958 was commenced by this same plaintiff against these defendants for a declaratory judgment, establishing the extent and nature of their rights as partners in the assets of a partnership known as 1 ‘ Frontier Novelty Company,” declaring this partnership to be the owner of certain real property as well as the income thereof, and requiring the defendant, Ardan A. Bradt, to pay and account to the partnership and the plaintiff for partnership assets diverted to his own use. In settling that action, nothing was mentioned of the personal promissory notes that had been executed individually, not as partners, by the defendants four years before that time, which notes are the subject matter of the action presently at bar. When it was intended to cancel promissory notes of the parties, the settlement agreement of 1958 clearly and properly did so by providing for the canceling and delivery of the notes in question to the maker thereof. Such is but lawyer-like procedure.
A negotiable promissory note must be in writing, signed by the maker, containing an unconditional promise to pay a sum certain in money, payable on demand or at a fixed or determinable future time, payable to order or bearer. (Negotiable Instruments Law, § 20.) The signature of a party may be made by a duly authorized agent. (Ibid., § 38.) Every holder is deemed *518 prima facie to be a holder in due course (ibid., § 98), who may enforce payment of the instrument for the full amount thereof against all parties liable thereon. (Ibid., § 96.)
Here, the 10 promissory notes are complete and regular on their face; the plaintiff, as the holder thereof, may enforce payment for the full amount against the defendants, as makers. (See ibid., § 110.) These notes were not mentioned in any way in the settlement agreement between the parties. Thus, there is no issue of fact to be tried.
It appearing that the plaintiff is entitled to summary judgment, the court is constrained to grant such judgment without a cross motion.
Motion by the defendants for summary judgment is denied; summary judgment for the plaintiff, for the relief demanded in the complaint, is granted. No motion costs are allowed.